CARSON C. NEWTON, ESQ. (SBN: 239567)
LAW OFFICES OF CARSON C. NEWTON
2400 E. Katella Avenue, 8th Floor
Anaheim, California 92806
Telephone: (714) 627-2442
Facsimile: (877) 326-4973
Email: CARSON@CNEWTONLAW.COM

Attorney for THOMAS SPERDUTO, Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| THOMAS SPERDUTO, an Individual | Case No.: |
| | |
| Plaintiff, | |
| | **COMPLAINT FOR DAMAGES (ERISA)** |
| v. | |
| | |
| TIME WARNER CABLE, INC. dba SPECTRUM, A Wholly Owned Subsidiary, and DOES 1 through 20, INCLUSIVE, | |
| | |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.  This case arose out of a dispute regarding the Defendant TIME WARNER CABLE, INC.'S (hereinafter "DEFENDANT") refusal to remunerate pension benefits in connection with the Plaintiff THOMAS SPERDUTO'S (hereinafter "PLAINTIFF) pension plan.

2.  The PLAINTIFF was hired on or about October 7, 2002, and his employment with the

COMPLAINT FOR DAMAGES (ERISA) - 1

1    DEFENDANT was terminated on or about January 3, 2007, pursuant to the Separation Agreement

2    and General Release fully executed on December 21, 2006.

3        3.  Prior to the PLAINTIFF'S termination, he filed for short-term disability (hereinafter

4    "STD") leave to December 19, 2016. He continued to receive STD benefits after his termination

5    of employment through June 18, 2007, and then he received long-term disability (hereinafter

6    "LTD") benefits from June 19, 2007 through October 22, 2014.

7        4.  Given the existence of these facts, there was a discrepancy in the estimates of pension

8    benefits that the PLAINTIFF was entitled to receive. On or around 2009, the DEFENDANT

9    advised the PLAINTIFF that he would receive a pension in the amount of $2,248.16 upon reaching

10   the age of 65. In 2013, when Unum, a disability vendor of the DEFENDANT was replaced, a

11   clerical error was made and the PLAINTIFF'S medical and pension benefits were removed. After

12   this occurred, the PLAINTIFF spoke with the DEFENDANT'S new disability vendor, Fidelity,

13   who caused the PLAINTIFF'S disability benefits to be reinstated, but indicated that the

14   PLAINTIFF'S disability pension amount would only be for $792.42. The PLAINTIFF

15   subsequently contacted Fidelity about the discrepancy, and at which time, Fidelity corrected the

16   pension amount reflecting the original $2,248.16 for which the PLAINTIFF was owed.

17       5.  On or around September 2014, the PLAINTIFF attempted to procure confirmation of his

18   pension payment plan upon reaching the age of 65, and was advised that the pension amount was

19   $792.42.

20       6.  On or about June 23, 2015, the PLAINTIFF caused a benefit claim to be proffered on his

21   behalf for additional pension benefits given that he questioned from the onset the amounts

22   provided by Fidelity.

23       7.  On or about September 4, 2015, the benefit claim was denied by Fidelity.

24       8.  On or about October 20, 2015, the PLAINTIFF filed an appeal to his denial.

25       9.  On or about January 25, 2016, the appeal was denied on behalf of the PLAINTIFF. Within

26   the said denial, the PLAINTIFF was informed that he could initiate legal action under 502[a] of

27   ERISA within one year.

28       10. The PLAINTIFF has attached various Exhibits to this Complaint in order to support his
     contentions.

COMPLAINT FOR DAMAGES (ERISA) - 2

### JURISDICTION

11. PLAINTIFF brings this action for declaratory, injunctive, and monetary relief pursuant to § 502(a) (1) (B) and § 502(a) (3) of the Employee Retirement Income Security Act of 1974 ("ERISA"). This Court has subject matter jurisdiction over the PLAINTIFF'S claims pursuant to ERISA §§ 502(e) and (f).

### VENUE

12. Venue lies in the Central District of California for the Eastern Division pursuant to ERISA § 502(e) (2), because the ERISA-governed plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because some of the events or omissions giving rise to the PLAINTIFF'S claim occurred within this District, and because at all relevant times as mentioned herein, the PLAINTIFF has resided in this District.

### THE PARTIES

13. At all relevant times as mentioned herein, the PLAINTIFF has been a beneficiary, as defined by ERISA § 3(8), 29 U.S.C. § 1002 (8), of the Plan. At all relevant times as mentioned herein, the PLAINTIFF was a resident of the State of California, County of Riverside.

14. At all relevant times as mentioned herein, the DEFENDANT'S Employee Pension Plan ("hereinafter "THE PLAN") has been an employee pension benefit plan/ Benefits Services and Compensation Plan within the meaning of ERISA § 3(2) (A), 29 U.S.C. § 1002 (2) (A).

15. At all relevant times as mentioned herein, THE PLAN offered *inter alia*, pension benefits to Time Warner Cable, Inc. employees, including the PLAINTIFF.

16. At all relevant times as mentioned herein, the DEFENDANT has been a fiduciary of THE PLAN. It is named as administrator of THE PLAN within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002 (16)(A), and THE PLAN sponsor within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002 (16)(B).

17. At all relevant times as mentioned herein, the DEFENDANT'S Retirement Appeal Committee (hereinafter "THE COMMITTEE") has been a fiduciary of THE PLAN. It is named administrator of THE PLAN within the meaning of ERISA § 3(16) (A), 29 U.S.C. § 1002 (16)(A). On or about January 25, 2016, THE COMMITTEE denied the PLAINTIFF'S appeal.

# FACTS

18. In accordance with Corporate records maintained by the DEFENDANT, his date of birth is October 22, 1949. The PLAINTIFF was employed with the DEFENDANT from October 7, 2002 until his termination of employment on January 3, 2007.

19. The PLAINTIFF terminated his employment pursuant to the Separation Agreement and General Release executed on or about December 21, 2006. The PLAINTIFF received severance payments pursuant to the said Agreement following his termination of employment. The PLAINTIFF was not a temporary or an hourly employee of the DEFENDANT.

20. On or about December 19, 2006, the PLAINTIFF was on STD leave until his termination of employment on January 3, 2007.

21. The PLAINTIFF believes, and on that basis thereon alleges, that he continued to receive STD benefits after his termination of employment for the period through June 18, 2007.

22. The PLAINTIFF believes, and on that basis thereon alleges, that he then received LTD benefits for the period from June 19, 2007 through October 22, 2014.

23. The PLAINTIFF believes, and on that basis thereon alleges, that his compensation for each month from October 2002 through January 2007 was for $640,900.97.

24. The PLAINTIFF believes, and on that basis thereon alleges, that in addition to his compensation that he received a bonus in the amount of $33,956.02 on or about March 15, 2007.

25. THE PLAN, is a "Benefit Service and Compensation Plan" of which the PLAINTIFF was entitled to credit during his Period of Service which commenced on October 7, 2002, which was his date of hire, and was to end on January 3, 2007, which was his date of termination.

26. The DEFENDANT contends that while the PLAINTIFF continued to earn Benefit Services while on STD leave, that upon the effectuation of the termination of his employment, that he was no longer on leave, and accordingly, he was no longer entitled to continue Benefit Services, even though he continued to receive STD benefits.

27. The DEFENDANT contends that since the PLAINTIFF had less than five years of service at the time he became disabled, that he was not entitled to continue to accrue benefits throughout the period of his disability.

28. The PLAINTIFF believes, and on that basis alleges, that his period of disability was counted for the sole purposes of vesting, whereby enabling him to complete five years of service for vesting which became vested in his benefit accrued through his date of termination.

COMPLAINT FOR DAMAGES (ERISA) - 4

29. The PLAINTIFF believes, and on that basis alleges, that the bonus that he received in March 2007 was Compensation for the purposes of THE PLAN.

30. The DEFENDANT contends that the exclusion of amounts received more than 60 days after severance from employment was not in effect under the terms of THE PLAN prior to January 1, 2008, and that the bonus was otherwise includible in the Compensation.

31. The PLAINTIFF believes, and on that basis alleges, that on or around March 2007, that the DEFENDANT took his bonus into account when making a determination about his Average Compensation even though he purportedly did not earn a month of Benefit Services in March 2007.

32. The PLAINTIFF believes, and on that basis thereon alleges, that the DEFENDANT'S contentions have been made without addressing the PLAINTIFF'S issues as it relates to the calculation of his benefit made in his initial claim and his appeal to the initial claim to THE COMMITTEE.

33. The PLAINTIFF believes, and on that basis thereon alleges, that the DEFENDANT'S contentions have been made without legal excuse or substantial justification.

34. The PLAINTIFF believes, and on that basis thereon alleges, that the DEFENDANT'S actions are in direct violation of ERISA pursuant to § 502(a) (1) (B) and § 502(a) (3).

35. Pursuant to the claim procedures upheld by THE COMMITTEE, the PLAINTIFF caused a claim to be proffered on June 23, 2015. In response to his claim, the PLAINTIFF received a response to his claim proffered by the Corporate Benefits office on July 2, 2015.

36. According to the claim letter, the PLAINTIFF informed THE COMMITTEE that he was advised in on or around 2006 that his position with the DEFENDANT would be eliminated beginning 2007. Before his last day, on or about December 19, 2006, the PLAINTIFF became ill whereby he submitted disability paperwork due to his illness.

37. At some point after 2009, the PLAINTIFF was advised by one of the DEFENDANT'S benefits employees in Charlotte, North Carolina that he would receive a pension in the sum of $2,248.16 when he reached the age of 65.

38. On or around 2013, the PLAINTIFF contends that Unum, a disability vendor of the DEFENDANT was replaced, that a mistake was made whereby both his medical benefits and his pension benefits were removed.

39. The PLAINTIFF was then informed by the new disability, Fidelity that his benefits would be reinstated, but he was advised that his pension would be in the amount of $792.42.

COMPLAINT FOR DAMAGES (ERISA) - 5

40. The PLAINTIFF immediately contacted Fidelity, who, after conducting some research corrected his pension amount to the original amount of $2,248.16.

41. On or around September 2014, the PLAINTIFF confirmed this amount, but when the PLAINTIFF attempted to initiate payment, he was then advised that his pension amount would be $792.42.

42. The PLAINTIFF believes, and on that basis alleges, that the DEFENDANT'S disability vendor did not maintain an accurate accounting of his pension amount in light of the significant discrepancies from earlier estimates.

43. Subsequent to the initial claim letter, the PLAINTIFF proffered several forms of correspondence to both the DEFENDANT and THE COMMITTEE. Within the PLAINTIFF'S correspondence, the PLAINTIFF raised the following issues as it relates to the calculation of his benefit: (1) How are benefit services determined?, (2) Should the entire period during which he received his SPD benefits be counted as a Benefit Service as well as a Vesting Service?, and (3) How is his final average pay determined?

## FIRST CAUSE OF ACTION/CLAIM FOR RELIEF
### [Claim for Benefits Pursuant to ERISA §502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B)] AGAINST DEFENDANT AND DOES 1-20, INCLUSIVE

44. The PLAINTIFF hereby re-alleges and incorporates by reference paragraphs 1 through 42 thereof as if set forth fully herein, with the exception of any particular allegation that is expressly inconsistent with any allegation made in this cause of action.

45. The PLAINTIFF believes, and on that basis thereon alleges, that he has exhausted all of his administrative remedies as it relates to THE PLAN.

46. ERISA §502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B)], permits a plan participant to bring a civil action in order to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

47. ERISA requires THE PLAN, a "Benefit Service and Compensation Plan" to provide the PLAINTIFF, as a qualified beneficiary with credit during his Period of Service.

48. At all relevant times as mentioned herein, the PLAINTIFF was hired on or about October 7, 2002, and his employment was terminated on or about January 3, 2007.

49. At all relevant times as mentioned herein, the PLAINTIFF'S Period of Service was from

COMPLAINT FOR DAMAGES (ERISA) - 6

October 7, 2002 through his date of termination which was January 3, 2007.

50. The PLAINTIFF believes, and on that basis alleges, that the DEFENDANT'S disability vendor did not maintain an accurate accounting of his pension amount in light of the significant discrepancies from earlier estimates.

51. Subsequent to the initial claim letter, the PLAINTIFF proffered several forms of correspondence to both the DEFENDANT and THE COMMITTEE in connection with THE PLAN. Within the PLAINTIFF'S correspondence, the PLAINTIFF raised the following issues as it relates to the calculation of his benefit: (1) How are benefit services determined?, (2) Should the entire period during which he received his SPD benefits be counted as a Benefit Service as well as a Vesting Service?, and (3) How is his final average pay determined?

52. Given that the PLAINTIFF'S claim and appeal have been denied he has not received the benefits under THE PLAN that he is rightfully entitled to receive.

53. By denying benefits under THE PLAN, and by related acts and omissions, including but not limited to refusing to provide an accurate accounting of his pension amount in light of the significant discrepancies from earlier estimates, the DEFENDANTS, and each of them, have violated, continue to violate, the terms of THE PLAN, governing laws regarding ERISA and the PLAINTIFF'S rights under THE PLAN and the governing law.

WHEREFORE, the PLAINTIFF prays for judgment against the DEFENDANTS, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION/CLAIM FOR RELIEF
### [Claim for Breach of Fiduciary Duty Pursuant to ERISA §502(a)(3), 29 U.S.C. § 1132 (a)(3)]
### AGAINST DEFENDANT AND DOES 1-20, INCLUSIVE

54. The PLAINTIFF hereby re-alleges and incorporates by reference paragraphs 1 through 52 thereof as if set forth fully herein, with the exception of any particular allegation that is expressly inconsistent with any allegation made in this cause of action.

55. ERISA § 404(a), 29 U.S.C. § 1004(a), requires that a fiduciary discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits to participants and fiduciaries and defraying reasonable expenses of

administering the plan, and in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with other provisions of ERISA.

56. ERISA § 502 (a) (3), 29 U.S.C. § 1132 (a) (3), authorizes a beneficiary of a plan to file suit to "enjoin any act or practice" that violates Title I of ERISA or the terms of a plan, and/or to obtain "other appropriate relief" to redress such violations. ERISA § 205(a) (2), 29 U.S.C. § 1055 (a) (2), is part of Title I of ERISA.

57. By engaging in the acts and omissions as set forth herein above, including but not limited to interpreting THE PLAN in a manner contrary to applicable federal law, refusing to proffer an accurate accounting of the PLAINTIFF'S pension amount in light of the significant discrepancies from earlier estimates, by failing to address the PLAINTIFF'S issues as it relates to the calculation of his benefit under THE PLAN, by failing to provide the PLAINTIFF with an answer as to whether the entire period during which he received his SPD benefits should be counted as a Benefit Service as well as a Vesting Service under THE PLAN, and by failing to inform the PLAINTIFF as to how his final average pay is determined under THE PLAN, the DEFENDANTS, and each of them, have breached their fiduciary duty that they owed to the PLAINTIFF and have thus violated Title I of ERISA.

58. As a result of the DEFENDANTS and THE COMMITTEE'S breaches of fiduciary duty and violations of Title I of ERISA, the PLAINTIFF was harmed and continues to be harmed in an amount to be proven at the time of trial.

WHEREFORE, the PLAINTIFF prays for judgment against the DEFENDANTS, and each of them, as hereinafter set forth.

**THIRD CAUSE OF ACTION/CLAIM FOR RELIEF (IN THE ALTERNATIVE)**
**[Claim for Breach of Fiduciary Duty,**
**for Failure to Inform and/or Misleading Communications**
**Pursuant to ERISA §502(a)(3), 29 U.S.C. § 1132 (a)(3)]**
**AGAINST DEFENDANT AND DOES 1-20, INCLUSIVE**

59. The PLAINTIFF hereby re-alleges and incorporates by reference paragraphs 1 through 57 thereof as if set forth fully herein, with the exception of any particular allegation that is expressly inconsistent with any allegation made in this cause of action.

60. An ERISA fiduciary is obligated to disclose material information to participants and beneficiaries, and has a duty not to mislead a plan participant and/or beneficiary.

61. The DEFENDANT and THE COMMITTEE breached their fiduciary duty that they owed to the PLAINTIFF by failing to provide/maintain an accurate accounting of the PLAINTIFF'S pension amount in light of the significant discrepancies from earlier estimates.

62. The DEFENDANT and THE COMMITTEE breached their fiduciary duty that they owed to the PLAINTIFF by failing to address the PLAINTIFF'S issues as it relates to the calculation of his benefit under THE PLAN.

63. The DEFENDANT and THE COMMITTEE breached their fiduciary duty that they owed to the PLAINTIFF by failing to inform the PLAINTIFF as to how his benefit services are determined under THE PLAN.

64. The DEFENDANT and THE COMMITTEE breached their fiduciary duty that they owed to the PLAINTIFF by failing to provide the PLAINTIFF with an answer as to whether the entire period during which he received his SPD benefits should be counted as a Benefit Service as well as a Vesting Service under THE PLAN.

65. The DEFENDANT and THE COMMITTEE breached their fiduciary duty that they owed to the PLAINTIFF by failing to inform the PLAINTIFF as to how his final average pay is determined under THE PLAN.

66. In short, by failing to inform the PLAINTIFF about all of the issues as set forth herein above, the PLAINTIFF has not received all of the benefits that he was entitled to receive under THE PLAN.

67. By engaging in the acts and omissions as described above, the DEFENDANT and THE COMMITTEE breached its fiduciary duty that they owed to the PLAINTIFF.

68. As a result of the DEFENDANT and THE COMMITTEE'S breaches of fiduciary duty, the PLAINTIFF suffered and continues to suffer from harm.

WHEREFORE, the PLAINTIFF prays for judgment against the DEFENDANTS, and each of them, as hereinafter set forth.

## **PRAYER FOR RELIEF**
### **AGAINST DEFENDANT AND DOES 1-20, INCLUSIVE**

WHEREFORE, the PLAINTIFF prays that the Court grant the following relief:

**As to the First Cause of Action/First Claim for Relief:**

    A.  Declare that the DEFENDANT, and each of them, have violated the terms of THE PLAN;

    B.  Declare that the PLAINTIFF has a right to receive the original monthly pension benefit in the amount of $2,248.16 under THE PLAN;

    C.  Award the PLAINTIFF with reasonable attorneys' fees and costs of suit pursuant to ERISA § 502(g), 29 U.S.C. § 1132 (g); and

    D.  Provide such other and further relief as the Court deems just and proper.

**As to the Second Cause of Action/Second Claim for Relief:**

    A.  Declare that the DEFENDANT, and each of them, breached their fiduciary duty to the PLAINTIFF;

    B.  Declare that by refusing to provide the PLAINTIFF with an accurate accounting of his pension amount in light of the significant discrepancies from earlier estimates that the DEFENDANT, and each of them, have violated ERISA;

    C.  Declare that the DEFENDANT, and each of them, failed to provide/maintain an accurate accounting of the PLAINTIFF'S pension amount in light of the significant discrepancies from earlier estimates.

    D.  Declare that the DEFENDANT, and each of them, failed to address the PLAINTIFF'S issues as it relates to the calculation of his benefit under THE PLAN.

    E.  Declare that the DEFENDANT, and each of them, failed to provide the PLAINTIFF with an answer as to whether the entire period during which he received his SPD benefits should be counted as a Benefit Service as well as a Vesting Service under THE PLAN.

    F.  Declare that the DEFENDANT, and each of them, failed to inform the PLAINTIFF as to how his final average pay is determined under THE PLAN.

G. Declare that the PLAINTIFF has a right to receive the original monthly pension benefit in the amount of $2,248.16 under THE PLAN;

H. Order that the DEFENDANT pay the PLAINTIFF amounts to make the PLAINTIFF whole for the harm that he suffered and continues to suffer from the DEFENDANT'S breaches by providing equitable relief, including but not limited to surcharge, restitution, pre-judgment and post-judgment interest at the highest rate allowable by law, and imposing a constructive trust and/or equitable lien on any funds wrongfully held by the DEFENDANT;

I. Provide such other and further relief that the Court shall deem just and proper.

## As to the Third Cause of Action/Third Claim for Relief (In the Alternative):

A. Declare that the DEFENDANT, and each of them, have breached their fiduciary duty to the PLAINTIFF.

B. Order the DEFENDANT, and each of them, pay the PLAINTIFF the amounts to make the PLAINTIFF whole for the harm he has suffered and continues to suffer due to the DEFENDANT'S breaches.

C. Order the DEFENDANT, and each of them, pay the PLAINTIFF the amounts to make the PLAINTIFF whole for the harm he has suffered and continues to suffer due to the DEFENDANT'S breaches by providing other appropriate equitable relief, including but not limited to surcharge, restitution, prejudgment and post-judgment interest at the highest rate allowable by law, and imposing a constructive trust and/or equitable lien on any funds wrongfully held by the DEFENDANT;

D. Award the PLAINTIFF with reasonable attorneys' fees and costs of suit pursuant to ERISA § 502(g), 29 U.S.C. § 1132 (g); and

E. Provide such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The PLAINTIFF, by his undersigned counsel, hereby demands a trial by jury on all counts in this Complaint for Damages and all issues so triable.

COMPLAINT FOR DAMAGES (ERISA) - 11

1

Respectfully Submitted,

2

3  DATED: JANUARY 24, 2017                THE LAW OFFICE OF CARSON C. NEWTON

4

5                                          BY: _____ /CCN/   ·
                                               CARSON C. NEWTON, ESQ.
6                                                Attorney for Plaintiff
                                                 THOMAS SPERDUTO
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28